IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CORINTHIAN BOSTIC, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CASE NO. CV420-068 |
| | ) | CV420-251 |
| UNITED STATES OF AMERICA, | ) | CR416-216 |
| | ) | |
| Respondent. | ) | |

### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (CV420-68, doc. 10; CV420-251, doc. 9; CR416-216, doc. 142), to which Movant has filed objections (CV420-068, doc. 12; CV420-251, doc. 11; CR416-216, doc. 144).[1] After a careful review of the record,[2] and as explained below, Movant's Objection is **OVERRULED** and the Report and Recommendation (doc. 142) is **ADOPTED** as the Court's opinion in this case. As a result, Movant's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**. (Doc. 93.) Respondent's Motion to Dismiss is **GRANTED**. (Doc. 139.) The Clerk

---

[1] The clerk appears to have inadvertently opened both CV420-251 and CV420-68, two civil cases in this matter to run parallel with the criminal docket in CR416-216. For ease of reference, the Court cites to the complete docket in CR416-216 unless otherwise noted.

[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

of Court is **DIRECTED** to close CV420-68 and CV420-251. Additionally, Bostic's "Motion to accept timely filed Response" (doc. 143) is construed as a motion for extension of time. The Court reviewed the contemporaneously filed Objection, and thus **GRANTS** it. (Doc. 143). See Fed. R. Civ. P. 6(b)(1)(B) (allowing motions for extensions of time made after the time has expired if the party failed to act because of excusable neglect).

Bostic's Objection asserts three arguments. First, he argues that the Magistrate Judge erred in failing to identify which of Bostic's filings is the operative Motion to Vacate, "especially since . . . an amended complaint supersedes an earlier complaint for all purposes . . . that rule applies to 2255s." (Doc. 144 at 1.) Next, Bostic argues that because the Eleventh Circuit did not have jurisdiction to review his attorney's motion to withdraw, which was filed prior to his trial, the "law of the case" did not apply, and the issue was ripe for review pursuant to § 2255. (Id.) Bostic's third objection is that the Magistrate Judge consolidated all his claims into one "big claim" in contravention of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992). (Id.)

In his Report and Recommendation ("R&R"), the Magistrate Judge concluded that Bostic had impermissibly filed multiple supplements and motions. Nevertheless, the Magistrate Judge charitably construed the record as though Bostic had properly sought amendment of his Motion to include all grounds asserted

over time rather than simply ignoring any grounds asserted prior to his most recent filing. (Doc. 142 at 6.) The Magistrate Judge stated that "[e]ven though the Court would typically require other filings to supersede the original petition, it is clear that the parties have considered the grounds presented by all pleadings ripe and at issue before the court." (Doc. 142 at 13.) Thus, even though he was not required to review the entire docket to extract Bostic's fragmented arguments, the Magistrate Judge considered any argument Bostic asserted throughout the entire record.

In doing so, the Magistrate Judge first construed Bostic's "Petition for Court to Grant Leave to Supplement 2255 in Light of United States v. Jackson," (doc. 138), as a motion seeking amendment and recommended its denial after determining the grounds asserted within it were untimely. The Magistrate Judge found Bostic's remaining supplementary assertions unavailing as well. (Docs. 94 & 95.) Construing these attempts to supplement or amend his original filing as motions to amend, and after fully considering the merits of the same, the Magistrate Judge recommended they also be denied because they were untimely: they did not relate back to his original claims of ineffective assistance of counsel. (Doc. 142 at 11.) Then, the Magistrate Judge summarized the remaining grounds for which Bostic sought relief, accommodating Bostic's piecemeal filings. (Doc. 142 at

5.) Thus, the Magistrate Judge recommended dismissal as untimely of Bostic's claims that counsel was ineffective for: (1) failing to object to the testimony of the arresting officers regarding the window-tint reading and their alleged conflicting testimony, (docs. 94 at 27-28; 95 at 29-30); (2) failing to impeach Kang based on a July 2020 termination of employment, (doc. 94 at 36-38; 95 at 53); (3) and failing to object to his ACCA designation in light of United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022), (doc. 138). Bostic makes no specific objection as to the Magistrate Judge's determination that these assertions were untimely.[3]

Instead, Bostic now complains that the Magistrate Judge's actions in this respect were erroneous because, in Bostic's opinion, the Magistrate Judge should have identified the operative pleading. (Doc. 144.) However, sustaining this Objection would not be favorable to Bostic, and thus it is overruled. While Bostic should have cohesively asserted all grounds for relief in his most recent pleading so that the Magistrate Judge did not have to search the record to analyze his grounds, construing his most recent filing (doc. 138) as a superseding petition would have been

---

[3] Though Bostic does not object specifically to the timeliness determination, he has previously pleaded that the "'Davenport' 217 F.3d 1341 (11th Cir. 2000) issue is misplaced when the totality of the circumstances is reviewed." (Doc. 140 at 2.) Bostic referenced Rule 15(d) of the Rules of Civil Procedure as well. Even under Rule 15, however, a belated §2255 ground must "relate back" to the timely claim or it cannot be considered. See Fed. R. Civ. P. 15(c). Likewise, Rule 15(d)'s allowance of supplemental pleadings does not circumvent the mandatory statute of limitations. Thus, the Magistrate Judge properly found that Bostic's supplemental claims did not relate back to his original ones.

unfairly severe to him, a pro se movant, particularly where the Government undertook to respond. (See doc. 139.) Moreover, Bostic has not identified any specific error in the Magistrate Judge's articulation of his grounds for relief or, for that matter, explicitly noted any error in the R&R generally. The liberal construction afforded to pro se pleadings simply does not permit the Court to conjure an argument, even supposing one could be conjured, from Bostic's Objection. See Ware v. City of Atlanta, 861 F. App'x 791, 797-98 (11th Cir. 2021) ("Although we liberally construe pro se briefs . . ., a court may not serve as de facto counsel for a party or rewrite a brief in order to preserve a claim." (internal quotation marks and citation omitted)). The Magistrate Judge properly construed Bostic's pleadings liberally and considered the merits of the arguments as the parties presented them and correctly found these assertions untimely. (Doc. 142 at 11.) [4]

The Magistrate Judge then examined the earlier-filed claims asserted by Bostic, including: (1) the [trial] magistrate judge

---

[4] Alternatively, Rule 15 requires that amendments made "as a matter of course" be filed within 21 days after service. Fed. R. Civ. Pro. 15(a)(1). In all other cases and as required herein, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Thus, Bostic's filing of multiple motions to vacate after the 21-day limitation and without the court's leave was impermissible. Had Bostic properly sought leave to file amended petitions, his motions would have been denied because the amendments would have been futile for the same reason noted by the Magistrate Judge: his added claims do not relate back and are untimely. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (A proposed amendment may be denied for futility "when the complaint as amended would still be properly dismissed.")

erred in denying trial counsel's motion to withdraw; and that counsel was ineffective in the following ways; (2) failing to inform Bostic of his right to appeal the magistrate judge's denial to the district court; (3) sharing comments regarding racial prejudice by Bostic's wife with another attorney; (4) abandoning the motion to suppress; (5) failing to the play the entire video of the traffic stop and failing to present additional witnesses at trial; (6) failing to file a notice of appeal after trial but before sentencing; (7) failing to challenge his stolen firearm enhancement; (8) failing to challenge the ACCA enhancement under the theories that Bostic was innocent of his state predicate convictions, that his marijuana-distribution conviction did not meet the definition of a serious drug offense, that two of his predicate cocaine-distribution convictions should have counted as one since they were consolidated for judgment, and that his cocaine-distribution convictions should not have served as predicates under the modified categorical approach; (9) failing to present mitigation evidence regarding the death of his mother and his volunteer work; and (10) failing to challenge his confession on appeal. (Doc. 142 at 7-8 (citing Doc. 93 at 14-18, 20-25.)

Bostic's third objection is that Judge Ray consolidated all his claims into one "big claim" in contravention of <u>Clisby v. Jones</u>, 960 F.2d 925 (11th Cir. 1992). However, his assertion is false. The grounds asserted by Bostic were divided between claims

directed at the [trial] Magistrate Judge — that he erred in denying the Motion to withdraw, ground (1)—and those arguing that Bostic's attorney was ineffective at trial, grounds (2)-(6), (see id. at 17), during sentencing, grounds (7)-(9) (see id. at 24), and on appeal, ground (10), (see id. at 26). Furthermore, Bostic does not identify a single ground which was not analyzed separately pursuant to Clisby. Instead, he asks this Court to sustain his objections based merely upon generalizations and case citations without asserting, much less developing, an argument connecting those cases with his own. Bostic may not "simply laundry-list [his] claims and hope that the court will develop (hence, litigate) them on [his] behalf." O'Kelley v. Warden, Ga. Diagnostic Prison, 2020 WL 2772769, at *3 (S.D. Ga. May 28, 2020) (internal quotation marks and alterations omitted) (citing Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations")). However, to make the dispositions clear to the pro se movant, the Court evaluates each of Bostic's grounds separately to determine whether his Objection is merited. Cf. 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

**A. Ground 1**

Bostic's first argument is that the [trial] Magistrate Judge erroneously denied his attorney's request to withdraw. [Doc. 139

at 16.] Bostic already appealed this decision to the Eleventh Circuit after he was convicted. [Docs. 64 & 89.] The Eleventh Circuit found that because Bostic did not first appeal the [trial] Magistrate Judge's order to the district judge, Bostic waived his right to review that order, and moreover, that it had no jurisdiction to consider it. United States v. Bostic, 736 F. App'x 228, 229 (11th Cir. 2018). After noting that the Eleventh Circuit already considered and rejected Bostic's argument regarding the motion to withdraw on appeal, the Magistrate Judge determined that Bostic was likely procedurally barred from bringing these grounds. (See doc. 142 at 14.) But the Magistrate Judge also found that even if the appellate decision does not constitute a direct resolution barring Bostic's claim, it was still procedurally defaulted because he failed to establish prejudice. (Id. at 14-16). Hence the Magistrate Judge clearly analyzed Ground 1.

However, in his second objection, Bostic argues that because the Eleventh Circuit did not have jurisdiction to review the motion to withdraw, the "law of the case" did not apply, and the issue was ripe for review pursuant to § 2255. (Doc. 144.) However, the Magistrate Judge did not solely rely on the law of the case doctrine and the related procedural bar in determining that Bostic's allegations were defaulted. (Doc. 142 at 16.) Instead, the Magistrate Judge noted the Eleventh Circuit's holding that Bostic's failure to appeal the issue to the District Judge

precluded him from arguing that issue on appeal because it was, by then, procedurally defaulted. (See doc. 142 at 14-17). The Magistrate Judge also noted the high likelihood that such a finding also limited § 2255 relief, but he recognized the dearth of precedent specifically on point. (Doc. 142 at 14.)

However, the Magistrate Judge ultimately found that even if the Court of Appeals' jurisdictional determination did not bar his claim, Bostic's failure to show that he was prejudiced by the denial rendered his grounds procedurally defaulted. (Doc. 142 at 17.) The Court agrees and finds that Bostic did not show that he was prejudiced by his attorney's continued representation, and therefore, he is not excepted from the procedural default rule. See United States v. Frady, 456 U.S. 152 (1982) (holding that defendant must show cause for not raising a claim of error on direct appeal and actual prejudice from the alleged error); see also Lynn v. United States, 365 F.3d 1225, 1243 (11th Cir. 2004) (holding that "the procedural default rule in the context of § 2255 looks to conserve judicial resources and protect 'the law's important interest in the finality of judgments' by requiring that all available claims be brought on direct appeal and not in a later § 2255 motion.") (quoting Massaro v. United States, 538 U.S. 500 (2003). Bostic's failure to appeal this decision to the District Judge limited him at the Eleventh Circuit. His failure to

establish that the outcome of the trial would have been different if his attorney's withdrawal been allowed limits him now.

## B. Grounds (2)-(6)

Bostic's remaining grounds are relevant to his counsel's performance. However, Bostic repeatedly fails to establish, and in some cases even argue, that he was prejudiced by any supposed error of his trial counsel. See Strickland v. Washington, 466 U.S. 668, 695 (1984) (requiring petitioner to affirmatively prove both deficient performance and actual prejudice.). For example, as to Ground 2, Bostic does not show that he was prejudiced by his attorney's alleged failure to inform him of his right to appeal the [trial] Magistrate Judge's denial of the Motion to Withdraw. Indeed, Bostic does not argue what basis the District Judge would have had to reverse the [trial] Magistrate Judge's denial. The Magistrate Judge properly analyzed the issue and determined that the conflict between Bostic and his trial counsel was not so great that it required withdrawal. See United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). Thus, he makes no plausible assertion of prejudice.

Next, the Court agrees that Bostic's vague assertions regarding conversations between his trial counsel and another attorney were unrelated to the inquiry into the sufficiency of counsel's performance (Ground 3). (Doc. 142 at 21.) As to his other claims regarding the Motion to Suppress (Ground 4), the video

footage, and untapped witnesses (Ground 5), Bostic again did not establish prejudice as required under Strickland. (Id. at 19-24.) Bostic failed to show that he would have had a meritorious motion to suppress (Ground 4). He therefore could not show that he was prejudiced by any alleged deficient performance. Strickland, 466 U.S. at 695.

Next, although Bostic generally laments his attorney's failure to show the entire body-camera video, he does not indicate what exculpatory evidence would have been shown. Moreover, because the footage showed the discovery of the weapon, there is no indication that the issue of guilt would have been decided differently even with additional witnesses and the entire video (Ground 5). In fact, Bostic's arguments regarding what the jury would have seen on the video go to the suppression issue, not his guilt. (Docs. 93 at 16; 94 at 28-29; 95 at 19, 30.) In other words, his argument that the video would have shown the jury that the officers should not have conducted a traffic stop is ineffective because the jury would not have considered the question of suppression at the guilt phase of trial. Likewise, as the Magistrate Judge noted, Bostic's claim regarding potential witnesses fails. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (Ground 5). There is no indication that the additional witness testimony would have overcome all the other evidence in the record. Body v. United States, 568 F. App'x 760, 762 (11th

Cir. 2014.). Additionally, Bostic's assertions regarding his attorney's failure to file an appeal after trial but before sentencing are wholly groundless (Ground 6). (Doc. 142 at 24.) He has not explained why he thinks this would have been proper, effective, or even possible. See Fed. R. App. P. 4(b)(1)(A).

## C. Grounds (7)-(10)

Next, the Magistrate Judge examined all claims Bostic made which were relevant to his sentencing, finding that Bostic's proclaimed innocence of his underlying convictions was unavailing (Ground 8), and that his argument regarding the firearm enhancement was invalid because it did not impact his sentence, which was controlled by a different enhancement (Ground 7). (Doc. 142 at 25.) He further found that Bostic's counsel's alleged failure to present all mitigation evidence did not constitute deficient performance (Ground 9). (Id. at 26.) The Court agrees that the Magistrate Judge's analysis of these claims was correct: Bostic's alleged innocence of his underlying convictions is ineffective, Senter v. United States, 983 F.3d 1289, 1293-94 (11th Cir. 2020) (discussing § 2255 movant's unavailing attempt to challenge the validity of state court conviction). Upon adoption, the Court adds that Bostic's arguments regarding whether his marijuana-distribution conviction constituted a "serious drug offense" for the purposes of his ACCA enhancement and his belief that the predicate cocaine-distribution convictions should have been

consolidated for purposes of the modified categorical approach are unsupported. Bostic's PSI indicates that his cocaine convictions were for possession with intent to distribute, not mere possession, and therefore they "align with the conduct specified in the ACCA's and the Guidelines' definition of a serious drug offense." See United States v. Bates, 960 F.3d 1278, 1293 (11th Cir. 2020). The Court also finds that even if Bostic's two cocaine-distribution charges should have been consolidated, Bostic still would have had the three required predicates under 18 U.S.C. § 924(e). As these arguments lack merit, they cannot support an ineffective assistance claim under Strickland. Consequently, his arguments fail.

Regarding Grounds 7 and 9, Bostic's firearm enhancement argument is irrelevant, 18 U.S.C. § 924(e), and he failed to show that his attorney performed deficiently during sentencing when he did not submit all possible mitigation evidence, Chandler v. United States, 218 F.3d 1305, 1319 (11th Cir. 2000). See also Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (holding that if a particular claim itself is without merit, "any deficiencies of counsel in failing to raise or adequately pursue" it "cannot constitute ineffective assistance of counsel.").

The Court also finds that Bostic's arguments regarding ineffective assistance on appeal (Ground 10) are vague and

conclusory. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a § 2255 motion are insufficient to state a basis for relief). Here, Bostic attempts to argue that his confession was obtained unlawfully, and that his attorney was ineffective because he failed to have it suppressed, but his argument is nonsensical. (Doc. 93 at 23.) Bostic appears to rely upon statements he supposedly made to the officer regarding what kind of intoxicant he used and when he did, in an effort to argue that he was intoxicated during the interview. But the statements Bostic relies on, and what he recalls telling the officer, are not reflected in the recorded confession. (See generally, doc. 74 at 40; doc. 99-5 at 1-2.) More importantly, the record as a whole simply does not support Bostic's contention that the confession was involuntary. See Almon v. Jernigan, 715 F.2d 1505, 1507 (11th Cir. 1983). The last issue raised in Bostic's appellate-related arguments is also unreasoned: the conflict in his wife's testimony and his own confession cannot be attributed to counsel (Ground 10). Ultimately, Bostic again failed to establish prejudice as to all ineffective assistance of counsel claims.

Lastly, the Magistrate Judge determined that Bostic's Rehaif claim, which Bostic first meaningfully asserted in his response to the Respondent's Motion to Dismiss, was untimely. See doc. 140 at 1-2. The Court agrees that the Rehaif claim is meritless.

Assertion of this new ground is too vague and conclusory to entitle him to relief under § 2255. See Killen v. United States, 2021 WL 7159181, at *5 (11th Cir. Sept. 8, 2021) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)) ("Conclusory claims, unsupported by facts or argument, cannot entitle a movant to § 2255 relief."). The Court finds that not only did the Magistrate Judge sufficiently individualize each of Bostic's many grounds, but that Bostic did not initially, nor has he now, provided any meaningful response to the arguments made by the Respondent.

For the reasons explained above, Bostic's objections are **OVERRULED**, and the Report and Recommendation, (CV420-068, doc. 10; CV420-251, doc. 9; CR416-216, doc. 142), is **ADOPTED** as the Court's opinion. Respondent's Motion to Dismiss, (doc. 139), is **GRANTED**. Bostic's § 2255 Motion, (doc. 93) is **DENIED**. Bostic's various Motions seeking amendment are likewise **DENIED**, (docs. 94, 95, 138). Bostic's Motion, (doc. 143), construed as a motion for extension of time, is **GRANTED**. Civil actions, CV420-068 and CV420-251 are **DISMISSED** in their entirety. The Clerk is **DIRECTED** to enter the appropriate judgment and **CLOSE** civil actions CV420-068 and CV420-251.

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.

28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

**SO ORDERED** this 12th day of September, 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA